IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRYAN KERR DICKSON,                )
                                   )
            Plaintiff,             )
                                   )
vs.                                )   Case Number CIV-14-1108-C
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Defendant.             )

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed the present action asserting claims under the Federal Tort Claims Act. According to Plaintiff, while at the Federal Transfer Center he was assaulted by another inmate. The matter was referred to United States Magistrate Judge Charles B. Goodwin for consideration of Plaintiff's request to proceed in forma pauperis ("IFP"). Judge Goodwin tentatively granted IFP status, and directed Plaintiff to pay the filing fee in installments, also noting that Plaintiff had previously filed other lawsuits which had been dismissed. Because those actions were sealed, Judge Goodwin directed Plaintiff to provide information so that if three strikes had been assessed pursuant to 28 U.S.C. § 1915(g) his IFP status would be revoked.

Plaintiff missed the deadline for making his initial payment and failed to produce the information related to his previous litigation. Judge Goodwin then issued a Report and Recommendation ("R&R") recommending dismissal of the action for these failures. Plaintiff has filed a request for additional time to pay the filing fee and a timely objection to the R&R.

In his Objection, Plaintiff concedes that he is subject to the three strikes rule, but asserts that he faces immediate danger as set forth in the Complaint. However, the only allegations of danger outlined in the Objection or Complaint references a past harm, not future danger. This type of allegation is insufficient to satisfy the imminent danger exception to the three strikes rule. See Stine v. U.S. Federal Bureau of Prisons, 465 F. App'x 790, 793 (10th Cir. 2012) ("'[a]llegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed.'") (quoting Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). Further, by Plaintiff's own admission he is no longer housed at the Federal Transfer Center; thus, he cannot face the harm complained of in the immediate future.

Because Plaintiff has admitted he is subject to the three strikes rule, and his present action fails to satisfy the exception to that rule, he is barred from proceeding IFP. See 28 U.S.C. § 1915g. Consequently, Plaintiff must pay the filing fee in full or face dismissal of this action. For this reason the Court declines to adopt the R&R (Dkt. No. 17). However, Plaintiff must pay the full filing fee within 20 days of the date of this Order or this action will be dismissed. Thus, his Motion for Extension of Time is granted, but he must pay the full filing fee.

IT IS SO ORDERED this 10th day of March, 2015.

ROBIN J. CAUTHRON
United States District Judge